UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUANN GILLESPIE,                   )
)
                        Plaintiff,      )
)       Case No. 1:10-cv-388
v.                           )
)       Hon. Paul L. Maloney
LIBERTY LIFE ASSURANCE      )
COMPANY OF BOSTON, et al.,     )
)       **MEMORANDUM OPINION**
                   Defendants.  )
)

This is an action brought under ERISA to recover disability benefits allegedly owing under an employee welfare benefit plan. Defendants are Liberty Life Assurance Company of Boston (the claims administrator) and National City Corporation Long-Term Disability Plan (the employee welfare benefit plan). After some procedural missteps, the parties have submitted the administrative record to the court and briefed the substantive issues in accordance with the procedure dictated by *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir. 1998). The substantive issues are fully briefed and await decision by Chief Judge Paul L. Maloney.

The matter is now before the court on a collateral issue. Plaintiff has moved for "sanctions," ostensibly pursuant to section 502(c) of ERISA, 29 U.S.C. § 1132(c), against both the plan and Liberty Life, arising from their failure to produce the governing plan document in response to a letter from counsel sent on November 4, 2009, before this litigation was initiated. The problem came to light during the briefing phase of this action. Under the scheduling order, defendants were required to submit the administrative record no later than August 9, 2010. The administrative record

submitted by defendants contained a copy of the summary plan description (SPD), but not the full

text of the plan. (SPD, A.R. 843-866). Plaintiff's opening brief, filed shortly after submission of

the administrative record, cited only to the SPD and not to the full plan document. (*See, e.g.,* Plf.

Brief, docket # 17, at 12). When defense counsel noticed this omission, he moved for leave to

supplement the administrative record to include the full text of the plan. (Motion, docket # 20).

Plaintiff's counsel objected to the filing of the supplemental materials, because of defendants' failure

to disclose those materials previously, either in response to plaintiff's pre-suit request or the case

management order. The court entered a revised scheduling order, determining that the supplemental

materials should be filed, without prejudice to plaintiff's ability to seek sanctions for the allegedly

late disclosure. (Order, docket # 22). Because plaintiff's counsel did not have the benefit of the full

plan document in submitting his opening brief, the court deemed the previous brief to be withdrawn

and granted plaintiff further time to submit her opening brief in light of the supplemental materials.

The full plan document now appears in the administrative record as pages 884-983.

Plaintiff has moved for sanctions, but her motion does not merely seek reimbursement

for the wasted time and effort allegedly caused in this litigation by defendants' submission of the full

plan document only after plaintiff filed her opening brief. Rather, plaintiff relies on the provisions

of ERISA that require a "plan administrator" to furnish certain documents to beneficiaries upon

request, 29 U.S.C. § 1024(b)(4), and penalize a failure to do so by a monetary award of up to $100

for each day of failure or refusal, 29 U.S.C. § 1132(c)(1). (Motion, docket # 27). Defendants oppose

plaintiff's request on a number of grounds, and the parties have been allowed to brief their respective

positions extensively. Chief Judge Maloney has referred this matter to me for decision. For the

reasons set forth below, I determine that plaintiff's request for civil penalties may not be brought in

this case against these defendants. Plaintiff's motion will therefore be denied, without prejudice to plaintiff's ability to file a proper civil action for statutory penalties.

## Discussion

ERISA imposes particular duties on a "plan administrator" to provide information to a plan participant. Relevant to the present case, section 104(b) of ERISA provides as follows:

> (4)     The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

29 U.S.C. § 1024(b)(4). The civil enforcement provisions of section 502(c) of ERISA create a cause of action against "any administrator" who fails or refuses to comply with a request for information "which such administrator is required by this subchapter to furnish to a participant or beneficiary" by mailing the requested material to their last known address within thirty days of the request. 29 U.S.C. § 1132(c)(1). The statute grants the court discretion to impose a penalty of up to $100 a day from the date of the failure or refusal. *Id.* Relying on the alleged failure to produce the plan document in response to the written request submitted by plaintiff's counsel in November 2009, plaintiff seeks over $31,000 in statutory penalties from defendants.

As the statutory text of ERISA makes clear, both the duty to provide plan documents under section 104 and the liability for statutory penalties for failure to do so under section 502(c) falls on the "plan administrator." ERISA defines the plan administrator as the "person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A)(i). It is undisputed in the present case that the only entity identified as plan administrator in the relevant plan documents is the employer, National City Corporation (A.R. 884),

which is not a party to this case, nor could it be.  The Sixth Circuit holds that the employer is

generally not a proper party to an ERISA action seeking to collect benefits from a plan.  *See Daniel*

*v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988).

Plaintiff's motion expressly seeks to impose a statutory penalty under section 1132(c)

upon Liberty Life (the claims administrator) and the plan itself.  Neither of these entities is the plan

administrator.  The Sixth Circuit has repeatedly held that "only plan administrators are liable for

statutory penalties under section 1132(c)."  *Caffey v. UNUM Life Ins. Co.*, 302 F.3d 576, 584 (6th

Cir. 2002); *accord Gore v. El Paso Energy Corp. Long-Term Disability Plan*, 477 F.3d 833, 843 (6th

Cir. 2007); *Hiney Printing Co. v. Brantner*, 243 F.3d 956, 960 (6th Cir. 2001); *VanderKlok v.*

*Provident Life & Accident Ins. Co.*, 956 F.2d 610, 618 (6th Cir. 1992).  Specifically, the court has

held that an insurance company acting as claims administrator is not a plan administrator and cannot

be held liable for statutory penalties for failure to comply with an information request.  *Caffey*, 302

F.3d at 584-85; *VanderKlok*, 956 F.2d at 618; *see Hope Network Rehab. Servs. v. State Farm Mut.*

*Auto. Ins. Co.*, No. 1:10-cv-348, 2010 WL 3779202, at * 8 (W.D. Mich. Sept. 22, 2010) (Maloney,

C.J.) (collecting cases).  These authoritative cases completely foreclose plaintiff's request for

statutory penalties against defendant Liberty Life.  And it is inconceivable that the National City Plan

(which is the only proper defendant in this case under *Daniel v. Eaton*) can be deemed to be its own

administrator.

Against this seemingly impregnable wall of Sixth Circuit authority, plaintiff raises

only insubstantial arguments in favor of her attempt to impose statutory penalties upon the present

defendants.  First, plaintiff argues that the foregoing Sixth Circuit cases have somehow been

undermined by amendments to a Department of Labor regulation, codified at 29 C.F.R. § 2560.503-1(h)(2)(iii). Plaintiff's brief does not quote or discuss this regulation or attempt in any fashion to demonstrate why the amendments, adopted in 2002, would change the result of the cited Sixth Circuit cases, some of which post-date the 2002 amendments. But the short answer to this argument is that the Sixth Circuit has rejected it, as have district courts in this circuit. *See Jordan v. Tyson Foods, Inc.*, 312 F. App'x 726, 735 (6th Cir. 2008); *Cortez v. Prudential Ins. Co. of Am.*, 1:08-cv-315, 2008 WL 4372638, at * 3-4 (W.D. Mich. Sept. 19, 2008) (Quist, J.);[1] *accord, Nationwide Children's Hosp., Inc. v. D.W. Dickey & Son, Inc. Emp. Health & Welfare Plan*, No. 2:08-cv-1140, 2010 WL 291749, at * 14-15 (S.D. Ohio Jan. 15, 2010). And plaintiff has cited no case supporting this discredited argument.

Even weaker is plaintiff's reliance on 20-year-old out-of-circuit authority. Citing *Rosen v. TRW, Inc.*, 979 F.2d 191 (11th Cir. 1992), *Law v. Ernst & Young*, 956 F.2d 364, 373-74 (1st Cir. 1992), and *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073 (5th Cir. 1990), plaintiff argues that a claims administrator may be held liable under section 1132(c) if it is acting as "*de facto* plan administrator." Even if plaintiff could prove that Liberty Life were somehow acting as a "*de facto*" plan administrator (and she has provided no proof of this bald assertion to date), the "*de facto* administrator" argument cannot prevail in this circuit, as the Court of Appeals has twice rejected the argument, on the ground that it would expand the definition of plan administrator under ERISA without statutory warrant. *Gore*, 477 F.3d at 843; *VanderKlok*, 956 F.2d at 617; *accord Cortez*, 2008

---

[1] A lawyer's duty of candor to the court requires citation of controlling authority directly adverse to counsel's position. MICH. R. PROF'L CONDUCT 3.3(a)(3). Plaintiff's present counsel was counsel in the *Cortez* case.

WL 4372638, at * 4 (rejecting the "*de facto* plan administrator" argument as contrary to Sixth Circuit law).

## Conclusion

Plaintiff's motion for sanctions improperly seeks to inject an unpleaded claim for civil penalties into a benefits case and seeks relief against parties who are clearly not liable under section 1132(c). As the Sixth Circuit has made clear, a benefits case is to be determined solely on the administrative record, without resort to discovery or trial proceedings. *Wilkins*, 150 F.3d at 619. By contrast, plaintiff's request for statutory penalties is rife with unresolved questions of fact, as the parties' briefs -- filled with accusation and counter-accusation of fact -- will attest. The parties do not even agree whether the full plan document was mailed to plaintiff's counsel in the year 2009. These factual questions cannot be resolved in the present case, where review is limited to the administrative record. Furthermore, the only proper defendant in a section 1132(c) case is the plan administrator, which is not a party to the present case. Plaintiff's motion for sanctions is unsupportable in law and must be denied.

Dated:  February 10, 2011                          /s/  Joseph G. Scoville
                                                              United States Magistrate Judge